# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JAVIER VELASQUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-CV-1656-BH** |
| | § | |
| **EAN HOLDINGS, LLC, and ENTERPRISE** | § | |
| **TRUCK RENTAL, IN ITS ASSUMED OR** | § | |
| **COMMON NAME,** | § | |
| | § | |
| **Defendants.** | § | **Consent Case** |

## MEMORANDUM OPINION AND ORDER

By consent of the parties and order of transfer dated September 1, 2017 (doc. 11), this matter has been transferred for the conduct of all further proceedings and the entry of judgment. Before the Court is *Defendants' Traditional and No Evidence Motion for Summary Judgment*, filed July 30, 2018 (doc. 18). Based on the relevant filings, evidence, and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

On July 31, 2015, Javier Velasquez (Plaintiff) rented a 26-foot box truck from Enterprise Truck Rental in Dallas, Texas. (docs. 1-1 at 8-9; 21 at 5-7.)[1] The following day, he loaded up the truck with audio and lighting equipment for a concert in Amarillo, Texas. (doc. 21 at 5-6.) As he was driving down a highway near Clarendon, Texas, one of the tires exploded, causing the truck to roll over into a ditch. (docs. 1-1 at 9; 21 at 7.) He sustained unspecified personal injuries. (*Id.*)

Plaintiff initially filed suit against EAN Holdings, LLC and Enterprise Truck Rental, in its

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

assumed or common name (Defendants), on May 19, 2017, in the 193rd Judicial District Court, Dallas County, Texas, Cause No. DC-17-06021, and sought monetary damages exceeding $100,000. (doc. 1-1 at 9-11.) He alleged that Defendants were negligent, negligent per se, and grossly negligent for (1) failing to properly maintain and inspect the truck prior to its rental; (2) renting the truck with an improperly inflated tire; (3) failing to implement and operate a proper tire maintenance program; (4) failing to implement proper training, safety, maintenance and education procedures for its employees regarding tires; (5) failing to correct the unreasonable dangerous condition posed by the left rear tire of the truck; and (6) failing to keep proper logs and records of operation and maintenance of the truck. (doc. 1-1 at 9.) Defendants removed the case to this court on the basis of diversity jurisdiction on June 22, 2017. (doc. 1 at 2.)

On July 30, 2018, Defendants moved for summary judgment on all claims against them. (doc. 18.) Plaintiff filed his response on August 20, 2018 (doc. 20), and Defendants filed their reply on August 31, 2018. (doc. 23.) This motion is now ripe for consideration.

## II. EVIDENTIARY OBJECTIONS

Both parties assert objections to the summary judgment evidence in their responsive pleadings to the summary judgment motion. (docs. 21 at 4, fn. 4; 23 at 3.)

### A.  Plaintiff's Objections

Plaintiff generally objects to Defendants' exhibits and briefing as well as to the admissibility of their expert report.

#### 1.  Defendants' Motion and Exhibits

Plaintiff appears to object to Defendants' summary judgment motion, brief, and exhibits on the grounds that they failed to comply with the Local Rules. (doc. 21 at 2, fn. 2.)  He notes

Defendants' failure to file an appendix, as well as their failure to file their motion separately from their brief. (*See* doc. 21 at 2, fn. 2.)

Local Rule 7.1 addresses motion practice, including the requirements for an appendix, while Local Rule 7.2 creates the standard for briefs. *See* L.R. 7.1, 7.2. Local Rules 56.3, 56.5, and 56.6 address the content for a motion for summary judgment, and its briefing and appendix requirements. *See* L.R. 56.4-56.6. Courts have discretion to decline to strike filings, even when they violate the Local Rules. *See, e.g., Green v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-1498-N, 2013 WL 11609925, at *2 (N.D. Tex. Aug. 16, 2013) ("The Court in its discretion declines to strike the appendix in this instance, but it advises [the defendant] and its counsel to abide by the Local Rules in future filings."); *Graham v. Dallas Indep. Sch. Dist.*, No. 3: 04-CV-2461-B, 2006 WL 2468715, at *4 (N.D. Tex. Aug. 24, 2006) ("Under ordinary circumstances, the court might overlook these untimely filings and consider plaintiff's summary judgment response and evidence in the interests of justice.").

Plaintiff's objection is **OVERRULED**. Defendants' exhibits will be considered only where they have provided specific citations to indicate the portions of the documents relied upon. *See City of Clinton v. Pilgrim's Pride Corp.*, 654 F. Supp. 2d 536, 541 (N.D. Tex. Sept. 14, 2009) (declining to strike a party's appendix for violations of the Local Rules, but limiting consideration of its appendix).

### 2. *Defendants' Expert Report*

Plaintiff objects to Defendants' expert report on grounds that "it lacks foundation and/or is not reliable or relevant in violation of Fed. R. Civ. P. 702." (doc. 21 at 4, fn. 4.)

In *Daubert v. Merrell Dow Pharmaceuticals*, the Supreme Court acknowledged that Federal

Rule of Evidence 702 serves as the proper standard for determining the admissibility of expert testimony. 509 U.S. 579, 597-98 (1993). In fact, Rule 702 was amended to incorporate the principles first articulated by the Supreme Court in *Daubert*, as well as those enunciated in subsequent cases applying *Daubert*. *See* FED. R. EVID. 702 Advisory Committee Notes. Rule 702 now provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based upon sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Under this rule, the main issue is whether a particular expert has "sufficient specialized knowledge to assist the jurors in deciding the particular issues in this case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (citations omitted). A court has discretion to keep an expert witness from testifying if it finds that the witness is not qualified to testify in a particular field or on a given subject. *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999).

The key factors in evaluating expert testimony are relevance and reliability. *Daubert*, 509 U.S. at 589. The burden is on the proponent of the expert testimony to establish its admissibility by a preponderance of the evidence. *Id.* at 592 n.10; *see* FED. R. EVID. 104(a). The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore v. Ashland Chem.,Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The court's inquiry is flexible in that "[t]he relevance and reliability of expert testimony turns upon its nature and the purpose for which its proponent offers it." *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) (citation omitted). "As a general rule, questions relating to the bases and sources

of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's] consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

"*Daubert* standards apply not merely at trial, but also on summary judgment." *Gen. Star Indem. Co. v. Sherry Brooke Revocable Trust*, 2001 WL 34063890, at *9 (W.D. Tex. Mar. 16, 2001); *see also Kumho Tire Co.*, 526 U.S. at 146 (affirming district court decision granting motion for summary judgment in light of its decision to exclude expert testimony pursuant to *Daubert*). To be considered on summary judgment, "an expert affidavit must include materials on which the expert based his opinion, as well as an indication of the reasoning process underlying the opinion." *Michaels v. Avitech, Inc.*, 202 F.3d 746, 754 (5th Cir., 2000), *cert. denied*, 531 U.S. 926 (Oct. 10, 2000) (quoting *Boyd v. State Farm Ins. Companies*, 158 F.3d 326, 331 (5th Cir. 1998). "Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987).

Defendants submit the affidavit and expert report of their tire expert, Joseph Grant, who examined the tires and opined that the tires were appropriately maintained, and the tire blowout resulted because the truck was overloaded. (doc. 18-2 at 1, 3.)[2] He made the following conclusions:

(1)     The right rear inner and outer dual drive tires experienced tread and steel belt detachments and subsequent air loss. Based upon the remains of both tires, the outside dual failed first followed by failure of the inner dual tire. The failure of both tires was the result of a significant overload condition placed on the tires.

(2)     The left rear outside rear dual drive tire had not failed at the time of the accident but had an obvious bulged distorted appearance on the tread as a

---

[2]Mr. Grant has a Bachelor of Science Degree in Mechanical Engineering, was employed as a tire engineer at a tire manufacturer for more than 34 years, and has been consulted on for tire failure analysis for over 15 years. (doc. 18-2 at 2.) Plaintiff does not object to Mr. Grant's qualifications as an expert.

result of an internal separation. This tire was close to failing in a similar manner to the right side tires.

(3)    The conditions on the right and left dual drive tires overall are consistent with an overloading condition placed on the drive axle tires. The physical evidence on the tires does not indicate a chronic overloading but rather a short term overloading that was occurring at the time of the tire failures.

(4)    The worn appearance and overall condition of all of the tires on the Enterprise rental truck indicated that the overall maintenance of the tires had been appropriate.

(*Id.* at 3.)  He states that his conclusions were based upon "a reasonable degree of engineering certainty." (*Id.*)

 Plaintiff contends that Mr. Grant's theory that the tire blowout was the result of "short term overloading" is flawed because "Defendants (and their expert) do not even attempt to establish how much weight was actually loaded in the vehicle at the time Plaintiff was driving it and when the tires exploded." (doc. 21 at 2.)

Mr. Grant does not explain how he reached his conclusions after examining the tires, but only that he did observe the tires and that he did reach those conclusions.  His affidavit does not establish the actual weight on the truck at the time of the accident, the minimal weight the tires could tolerate, or the actual source of the weight that caused the tires to explode (i.e. the payload's weight versus the truck's weight).   It does not identify the methodology he used, nor provide any explanation of the reasoning process utilized in reaching his conclusions.  Mr. Grant appears to be relying primarily, if not exclusively, on experience to form his conclusion that the cause of the tire blowout was an overloading condition, but fails to articulate how his experience led to his conclusions, why his experience is a sufficient basis for the conclusions reached, and how his experience is reliably applied to the facts of the case. *See Kumho*, 526 U.S. at 152 (stressing that

the *Daubert* factors may be relevant to the reliability of experience-based testimony and that the same level of intellectual rigor that characterizes the practice of an expert in the relevant field is employed whether basing testimony upon professional studies or personal experience).

Expert opinions that fail to set forth a discernable methodology are conclusory and lack the requisite evidentiary reliability mandated by Rule 702. To be competent summary judgment evidence, an expert's report must contain some "indication of the reasoning process underlying the opinion." *Boyd v. State Farm Ins. Cos.*, 158 F.3d 326, 331 (5th Cir. 1998); *see Michaels*, 202 F.3d at 754 (finding that an expert's statement, without justification, that a repair to an aircraft's vacuum pump should take longer than 3.2 hours could not defeat summary judgment). Neither *Daubert* nor the Federal Rules of Evidence "requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *General Electric Co. v. Joiner*, 522 U.S. at 136, 146 (1997). Mr. Grant's affidavit and expert report offers a subjective opinion devoid of an underlying factual basis or explanation that the accident was caused by an acute overloading of the truck. As Mr. Grant's opinions are unsupported by any analysis of the facts of this litigation, and are silent on the methodology or reasoning process utilized, the conclusions of this report cannot be used as summary judgment evidence on the element of causation.

Plaintiff's motion to exclude and strike Defendant's expert testimony is **GRANTED**.

**B.    Defendants' Objections**

Defendants argue that the court should strike any opinions contained in Plaintiff's affidavit because he was not properly designated as an expert and lacks the qualifications to make such opinions. (doc. 22 at 2.)

A party seeking summary judgment may rely on any form of evidence listed in Rule 56(c).

*See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). While the form of the summary judgment evidence need not be admissible, the content of the evidence must meet evidentiary requirements. *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (quoting *Broadway v. City of Montgomery*, 530 F.2d 657, 661 (5th Cir. 1976) ("Evidence inadmissible at trial cannot be used to avoid summary judgment.")); *see also Anderson v. Dallas Cty.*, No. 3:05-CV-1248-G, 2007 WL 1148994, at *3 (N.D. Tex. Apr. 18, 2007) (noting "for example, while an affidavit has limited admissibility at trial, it is sufficient evidence to support or defeat a motion for summary judgment even though inadmissible statements in the affidavit, such as hearsay statements, may not be considered by the court"). Federal Rule of Evidence 103(a)(1) requires an objecting party to make specific objections detailing the specific evidence it wishes to strike and stating the specific grounds for striking it. *Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) (citing *United States v. Avants*, 367 F.3d 433, 445 (5th Cir. 2004)). "[A] trial court judge must be fully apprised of the grounds of an objection." *Tucker,* 462 F. Supp. 2d at 722. Objections lacking specificity do not satisfy the requirements of Rule 103, and a loosely formulated and imprecise objection does not preserve error. *Id.* (citing *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998).

Plaintiff's affidavit provides his first-hand account of the accident and the events leading up to the accident. (doc. 22-1.) It states that he personally oversaw the loading of equipment on the truck and determined that the total payload of the truck at the time of the accident was less than 4,500 pounds. (doc. 21-1 at 4.) He also includes a copy of a page from Defendants' website, which specified that the payload capacity for the same truck model is 10,000 pounds. (*Id.*; doc. 21-2.)

Defendants generally object to "any opinions contained within the Plaintiff's affidavit, and

move[] this Court to STRIKE said opinions from consideration." (doc. 23 at 3.) Defendants do not, however, identify the specific statements or opinions they seek to strike. (*See id.*) As noted, Rule 103(a)(1) requires an objection that details the *specific evidence* to be stricken and the *specific grounds* therefor. *See Tucker*, 462 F. Supp. 2d at 722 (noting that "[t]he court is not required to review large quanta of evidence to ferret out inadmissible statements"); *Shepherd v. Dallas County*, 2008 WL 656889, at *6 (N.D. Tex. Mar. 6, 2008) (overruling objections because the movant failed to point to inadmissible components). To the extent that Plaintiff's affidavit contains statements that constitute expert testimony, those statements will not be considered. *Salas*, 980 F.2d at 304 (holding that a court should not strike an entire affidavit when portions are inadmissible); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (holding that a court should disregard the inadmissible portions of a challenged affidavit).

Because Defendants' general objection to "any opinions" contained in the affidavit does not meet the specificity requirements of Rule 103(1)(a), it is **OVERRULED**, and their motion to strike is **DENIED**. *See, e.g., Hannon v. Kiwi Servs.*, No. 3:10-CV-1382-K-BH, 2011 WL 7052795, at *2 (N.D. Tex. Dec. 30, 2011), *adopted as modified*, 2012 WL 234650 (N.D. Tex. Jan. 24, 2012) (denying a motion to strike for lack of specificity); *Highpoint Risk Servs. LLC v. Companion Prop. & Cas. Ins. Co.*, No. 3:14-CV-3398-L(BH), 2016 WL 4479511, at *8 (N.D. Tex. Aug. 25, 2016) (same).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

matter of law. FED. R. CIV. P. 56(a).[3] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If it "bears the burden of proof on an issue, either because [it] is the plaintiff or as a defendant [it] is asserting an affirmative defense, [it] must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). The moving party can also meet its summary judgment burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (internal quotation omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant meets its summary judgment burden, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324. It must go beyond its pleadings and designate

---

[3] Defendants move for traditional summary judgment under Tex. R. Civ. P. 166a(c) and for "no evidence" summary judgment under Fed. R. Civ. P. 56(b). Federal courts sitting in diversity jurisdiction apply federal, rather than state, procedural law, however. *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("Texas substantive law, of course, governs this diversity suit. Rule 56, Fed. R. Civ. P., however, governs the propriety of summary judgment.") (citation omitted). A "no evidence" motion for summary judgment, while conceptually correct, "neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure." *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005); *see also Gandara v. Wal-Mart Its Assumed Name or Common Name Including Wal-Mart Stores Texas L.P.*, No. 3:16-CV-0818-D, 2017 WL 1021307, at *2 (N.D. Tex. Mar. 16, 2017) (citing TEX. R. CIV. P. 166a(i)) ("[T]he term 'no-evidence' summary judgment motion is used in Texas state procedure, not federal procedure."). Defendants' motion will be considered under Rule 56.

specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[4] While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Moreover, Rule 56 imposes no obligation for a court "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to its case and as to which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

## IV. ANALYSIS

Defendants move for summary judgment and seek the dismissal of all claims being asserted against them by Plaintiff. (doc. 18.)

### A. Negligence

Defendants argue that summary judgment is proper because there is no genuine issue of material fact to support the essential elements of Plaintiff's negligence claims. (doc. 18 at 3.)

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *Boudreaux v.*

---

[4]"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing FED. R. CIV. P. 56(c)(1)).

*Swift Transp. Co., Inc.*, 402 F.3d 536, 540-41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).

### 1.     *Legal Duty*

Defendants contend that there is no evidence that they had the duty to load the truck, to inspect the truck after loading, or to ensure proper weight limits. (doc. 18 at 4.)  Plaintiff never alleged that Defendants had those duties, however. (doc. 1-1 at 4.)  He claims they had the duty to inspect the tires, maintain the tires, maintain proper inspection procedures, and tproperly train their employees. (*Id.*)  Because Defendants do not address the duties actually alleged by Plaintiff, they fail to meet their initial summary judgment burden on the first element of his negligence claim.

### 2.     *Breach of Duty*

Defendants also argue that there is no evidence that they breached any of the duties alleged by Plaintiff.  (doc. 18 at 4.)  They have met their initial burden of showing that no genuine issue of material fact exists with respect to the second element of Plaintiff's negligence claim.  The burden now shifts to Plaintiff to identify record evidence demonstrating the existence of a genuine issue of material fact on the duties alleged breached by Defendants.

"The plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability in tort." *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).  Plaintiff contends that Defendants are using their expert report "to argue against breach by trying to establish an 'acute overload and/or overweight situation' at the time of the incident." (doc. 21 at 8.)  Because Plaintiff's affidavit provides "uncontroverted evidence" that the truck's payload was less than 4,500 pounds, he argues, a genuine issue of material fact exists on whether Defendants breached a duty. (*Id.*)  This argument conflates breach of duty

with proximate causation. "Breach of [a legal duty] and causation are separate inquiries, however, and an abundance of evidence as to one cannot substitute for a deficiency of evidence as to the other." *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 119 (Tex. 2004). The weight of payload on the truck is relevant to the issue of causation, not breach.

Even though Defendants failed to provide summary judgment evidence proving that the cause of the accident was an overloading of the truck, Texas law is clear that an accident alone is no evidence of a breach. *See Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 48 (Tex. App.–San Antonio 2005, no pet.) ("[T]he occurrence of an accident is not of itself evidence of negligence."). To prevail, Plaintiff must prove each and every element of his negligence claim, including breach. *See Midwest Emp'rs Cas. Co. ex rel. English v. Harpole*, 293 S.W.3d 770, 776 (Tex. App.—San Antonio 2009, no pet.) (listing breach as an essential element of a negligence cause of action). Regardless of the duty owed by Defendants, Plaintiff must still come forth with competent summary judgment evidence to prove that they breached a duty. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Other than his pleadings, Plaintiff has not designated any facts demonstrating that Defendants breached a legal duty.[5]

As the non-movant, Plaintiff is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence supported [his] claim." *ContiCommodity Servs. Inc., v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995). By failing to counter with specific facts to

---

[5] In a footnote, Plaintiff points out that he did not receive the maintenance records of the truck as part of his discovery requests, even though Defendants agreed to provide them. (doc. 21 at 5, fn. 6.) When a party believes it needs more time to obtain discovery to respond satisfactorily to a motion for summary judgment, Rule 56(f) is the proper remedy. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991). A party must show: (1) why he needs additional discovery; and (2) how that discovery would likely create a fact issue that would defeat summary judgment. *See Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999). Plaintiff does not assert Rule 56(f), argue that summary judgment must be denied without those maintenance records, or show why those records are needed or how they would create a fact issue to defeat summary judgment. Notably, the discovery deadline has passed.

show a genuine dispute exists on a breach of duty, Plaintiff has not met his burden to avoid summary judgment on his negligence claim.

Because breach is an essential element of negligence, Defendants are entitled to summary judgment on Plaintiff's negligence cause of action.

### 3. *Proximate Cause*

Defendants also move for summary judgment on the ground that there is no genuine issue of material fact regarding the element of proximate cause. They first contend that summary judgment is proper because their summary judgment evidence disproves Plaintiff's proximate cause allegations. (doc. 18 at 3.) In the alternative, they argue that Plaintiff will be unable to provide the evidence necessary to prove proximate cause. (*Id.* at 4.)

The defendant's breach is the "proximate cause" of the plaintiff's harm when it is a "cause in fact" of the harm and "a reasonable prudent person should have known of the anticipated danger created by [breach]." *Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-CV-342, 2012 WL 4633177, at *13 (E.D. Tex. Oct. 2, 2012); *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774-75 (Tex. 2010). Mere conjecture, guess, or speculation cannot establish proximate cause; the plaintiff must prove proximate cause with evidence of probative force. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). "The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred." *Id.* (internal citations omitted). But it is not enough to show cause in fact if the defendant did nothing more "than furnish a condition which made the injury possible." *Id.* "Instead, the evidence must show that the negligence was the proximate, not the remote, cause of the injuries and justify the conclusion that the injury was the natural probable result." *Katy Springs & Mfg. v.*

*Favalora*, 476 S.W.3d 579, 590 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 266 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

### a.  Insufficient Evidence to Refute Proximate Cause

Defendants first argue that there is no genuine issue of material fact on the issue of causation because their expert report provides uncontroverted evidence that the tire failed because of an acute overload, and not due to any of the reasons alleged by Plaintiff. (doc. 18 at 3.)  Plaintiff responded with his affidavit, as well as copies of the pictures and vehicle information on the same truck model as published on Defendants' website. (docs. 21 at 3; 22-1; 22-2.)  It states that he personally inspected the payload on the truck and was familiar with the weight of each item, and that the total payload in the vehicle, including the weight of the equipment, passenger, and driver, was less than 4,500 pounds. (doc. 22-1 at 3, 4.) Plaintiff noted that Defendants' website indicated that the payload capacity for the same truck model is 10,000 pounds. (*Id.*; doc. 22-2.)  He argues that his affidavit contradicts Defendants' expert report and demonstrates the existence of a disputed material fact on the element of causation. (doc. 21 at 5.)

Because Defendants' expert evidence has been found inadmissible, there is no summary judgment evidence to support their theory on causation.  Defendants have not presented evidence to disprove the proximate cause element, and the burden does not shift to Plaintiff to identify evidence in the record raising a genuine issue of material fact as to their theory.

### b.  No Evidence of Proximate Cause

Defendants alternatively argue that they are entitled to summary judgment because there is no evidence of proximate causation. (doc. 18 at 4.)  They contend that because Plaintiff did not

designate an expert witness, and the deadline for such designations has run,[6] there is no evidence of proximate cause. (*Id.*)

Expert testimony is generally required to establish causation when the nature of the negligence is not within the experience of a layperson. *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007); *see also Goodyear Tire & Rubber Co. v. Rios*, 143 S.W.3d 107, 118 (Tex. App.–San Antonio 2004, pet. denied) ( explaining that when "a lay person's general experience and common sense will not enable that person to determine the issue, expert testimony is required."); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006) (explaining that expert testimony is necessary when an issue involves matters beyond the jurors' common understanding); *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982) (holding that the testimony of an expert is required when the alleged negligence is not within the experience of the layperson); *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 807-10 (S.D. Tex. 2011) (determining whether a tire blowout caused a vehicle to rollover is not within the general understanding and common knowledge of lay jurors). Consequently, when the issue of causation in a negligence case involve subject-matter outside the common knowledge and experience of a layperson, a plaintiff ordinarily cannot meet his burden of proof without testimony from a qualified expert. *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 89-90 (Tex. 2004); *see, e.g., Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 204-05 (Tex. App.–Texarkana 2008, no pet.) ("There is no expert testimony bridging the analytical gap between

---

[6] Under Federal Rule of Civil Procedure 26(a)(2), each party must disclose the identities of any expert witnesses it intends to use to present evidence at trial. FED. R. CIV. P. 26(a)(2)(A). Furthermore, a written report of any witnesses "retained or specifically employed to provide expert testimony" must accompany the disclosure. FED. R. CIV. P. 26(a)(2)(B). A party who fails to comply with these rules is generally precluded from using the witness "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *Primrose Operating Co. v. Nat'l Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). Plaintiff does not dispute Defendants' claim that he did not timely designate an expert witness. (*See generally* doc. 21.) Nor does he contend that he should now be allowed to submit expert testimony.

the origin of the fire in the left rear area of an engine compartment and the conclusion that the [speed control deactivation switch] in the areas was the cause-in-fact of the fire," but only "a strong suspicion," thus requiring expert evidence from the plaintiff to avoid summary dismissal).

To meet their initial summary judgment burden, Defendants point to the absence of expert testimony opining that the proximate cause of the accident was the condition of the tires when the truck was rented to Plaintiff. (doc. 18 at 4.)  They argue that expert testimony is required because determining the cause in fact of a tire blowout involves matters beyond the realm of layperson understanding. (*Id.* at 5.)  Because Plaintiff failed to designate any expert witnesses, Defendants maintain that he will be unable to present any evidence to establish all the requisite elements of his negligence claim including proximate causation. (*Id.*)  In other words, they argue that summary judgment is appropriate here because there will be no probative evidence for the jury to consider when determining the actual cause of the tire blowout. (*Id.* at 4.)  A defendant can meet its summary judgment obligation by pointing the court to the absence of evidence to support a required element of a plaintiff's case. *See Keeley v. Cisco Sys.*, 2003 WL 21919771, *3 (N.D. Tex. Aug. 8, 2003) (noting that although the defendant did not explicitly argue that plaintiff had failed to establish a *prima facie* case, the defendant had satisfied its summary judgment burden by pointing to the absence of evidence to support one prong of the *prima facie* case) (citing *Celotex*, 477 U.S. at 325). In pointing out the need for, and lack of evidence of this necessary element, Defendants have met their summary judgment burden. *See Celotex*, 477 U.S. at 325.  Accordingly, the burden shifts to Plaintiff to identify evidence in the record that raises a genuine issue of material fact. *Id.* at 322-24; *Little*, 37 F.3d at 1075.

Plaintiff does not address Defendants' expert testimony argument; nor does he dispute the

claim that he did not timely designate an expert witness. (*See generally* doc. 21.) He responds with an affidavit setting out his first-hand account of renting and driving the truck, as well as of the accident itself. (*Id.* at 5; doc. 21-1.) It states that he "felt and heard at least one of the tires on the [truck] blow out," and at the scene of the accident he "saw that at least one of the tires . . . had exploded." (doc. 22-1 at 5.) It also states that the tire blowout was not caused by any overloading of the truck because it was carrying less than 4,500 pounds, which was much less than the 10,000-pound payload capacity for that truck model. (*Id.* at 4.) Plaintiff argues that because his affidavit is based on personal knowledge, it is sufficient evidence of a genuine issue of material fact on whether Defendants' negligence caused the accident and his resulting injuries. (doc. 21 at 5.)

Plaintiff claims that the condition of the tires when the truck was rented to him was the ultimate cause of the accident. In a similar negligence case against one of the defendants in this case, the plaintiff alleged that it leased her a vehicle with a defective front axle, frame, and front right tire, which caused an accident and her resulting injuries. *See Madere v. Enterprise Holdings, Inc.*, No. 5:15-CV-954-XR, 2016 WL 7235829 (W.D.Tex., Dec. 14, 2016). Because she was alleging that her injuries were caused by a defect in the vehicle, the court looked to products liability case law to determine whether expert testimony was required. *Id.* at *2. In products liability cases, Texas courts have "consistently required competent expert testimony and objective proof" of a defect. *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004). Determining the actual cause of a tire blowout necessarily "involves the use of specialized equipment and techniques unfamiliar to the ordinary person." *Id.*; *see also Cooper Tire & Rubber Co. v. Mendez*, 204 S.W. 3d 797, 806 (Tex. 2006) ("Tire chemistry and design and the adhesion properties of tire components is a highly specialized field."); *Romo*, 798 F. Supp. 2d at 810 ("[W]hether the tire contained a defect

and whether that defect caused the accident involves complex questions of chemistry, engineering and physics beyond the general understanding and common knowledge of laypersons."). Given that Plaintiff's negligence claim involves a tire failure, the Court agrees with *Madere* that expert testimony is required. *See also Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 348 (Tex. 2015); *Cooper Tire*, 204 S.W.3d at 806.

Without expert testimony, Plaintiff has provided no evidence supporting his claim that the alleged condition of the tire, as caused or allowed by the acts or omissions of Defendants, proximately caused his injury. *See, e.g., Kallassy v. Cirrus Design Corp.*, No. CIV.A. 3:04-CV-0727N, 2006 WL 1489248, at *8 (N.D. Tex. May 30, 2006), *aff'd,* 265 F. App'x 165 (5th Cir. 2008) (granting summary judgment on the negligence claim where plaintiff could not prove causation due to insufficiency of expert evidence); *Mack Trucks*, 206 S.W.3d at 572 (upholding summary judgment of a negligence claim against a manufacturer because, without expert testimony on the cause of a fire after a tanker truck overturned, the plaintiff did not have any evidence of causation); *Renfro v. Hartford Underwriters Ins. Co.*, 2007 WL 2446281, at *2 (N.D. Tex. Aug. 29, 2007) (dismissing the plaintiff's claims on summary judgment where expert testimony was required to prove causation and the plaintiff failed to designate an expert witness in accordance with the court's scheduling order).

Plaintiff's affidavit does not constitute probative evidence of causation on subject-matter beyond the familiarity of the ordinary person. It is not a substitute for expert testimony. "Proof other than expert testimony will constitute some evidence of causation only when a layperson's general experience and common understanding would enable the layperson to determine from the evidence, with reasonable probability, the causal relationship between the event and the condition."

*Mack Trucks*, 206 S.W.3d at 583.  Further, a plaintiff's "best guess" of the cause of an accident is too speculative to establish cause in fact. *Loeser v. Sans One, Inc.*, 187 S.W.3d 685, 686 (Tex. App.–Houston [14th Dist] 2006, pet. denied).  "Evidence that is so slight as to make any inference a guess is in legal effect no evidence.*" Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).  Plaintiff's general observations from the accident is evidence that a tire blowout occurred; his suspicion that the tire failed because it was not properly maintained or inflated, is just that - suspicion. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 728 (Tex. 2003) (citing *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 210 (Tex. 2002) (citations omitted) (explaining that "some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence").  Other than the existence of the accident itself, Plaintiff has not presented any evidence that Defendants breached a duty owed to him, or that such breach proximately caused his injuries. *Trejo,* 185 S.W.3d at 48; *See Ford Motor*, 135 S.W.3d at 602 ("The inference of defect may not be drawn . . . from the mere fact of a product-related accident.").

Because Plaintiff tenders no competent evidence that identifies a specific defect or condition in the tires, and fails to rule out other possible causes of the accident, his negligence claim fails as a matter of law. *See Madere*, 2016 WL 7235829, at *2 (granting summary judgment when the plaintiff merely relies upon her subjective belief, conclusory statements, and hearsay that the vehicle leased to her had a defective front axle, frame, and front tire in opposition to the motion). Defendants are thus entitled to summary judgment on Plaintiff's negligence claim as a matter of law.

**B.      Negligence Per Se**

Plaintiff also asserts a claim for negligence per se. (doc. 1-1 at 4.)

"Negligence per se applies when the courts have determined that the violation of a particular

statute is negligence as a matter of law." *Allison*, 2012 WL 4633177, at *13 (citation omitted); *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). To state a claim for negligence per se, a plaintiff must show that the defendant violated a qualifying statute and that its violation was the proximate cause of his damages. *Ward v. ACS State & Local Sols., Inc.*, 328 S.W.3d 648, 652 (Tex. App.–Dallas 2010, no pet.) (citing *Moughon v. Wolf*, 576 S.W.2d 603, 604 n. 2 (Tex. 1978)). Plaintiff, however, does not identify the violation of a specific statute, much less state how courts have considered any statute to establish negligence per se in this case. "Without a citation to a statutory provision, the Court is unable to determine whether the facts alleged state a violation of any statute." *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-cv-03435, 2016 WL 3745953, at *5 (S.D. Tex. July 13, 2016); *see also In re Oil Spill by the Oil Rig DEEPWATER HORIZON*, 835 F. Supp. 2d 175, 182 (E.D. La. 2011), *aff'd sub nom. In re DEEPWATER HORIZON*, 745 F.3d 157 (5th Cir. 2014) ("[T]he complaints fail to plead any specific statutes on which the negligence per se claims are based; therefore, those claims are dismissed."); *Estrada v. Indus. Transit, Inc.*, No. 4:16-CV-013-DAE, 2016 WL 10967300, at *3 (W.D. Tex. Aug. 8, 2016) ("Plaintiff has failed to state a claim for negligence per se because he failed to plead the statute [Defendant] allegedly violated."). By not identifying a law or statute in support of his negligence per se claim, Plaintiff has failed to state a negligence per se claim for which relief can be granted. Further, Plaintiff's negligence per se claim also fails for the same reasons as his negligence claim.

Because Plaintiff has failed to demonstrate the existence of a genuine issue of material fact on all of the essential elements for a negligence cause of action, Defendants are also entitled to summary judgment on the negligence per se claim.

C.    **Gross Negligence**

Plaintiff maintains that the acts or omissions of Defendants, which underlie his negligence cause of action, "constituted gross negligence, which proximately caused [the accident] and Plaintiff's injuries and damages." (doc. 1-1 at 5.)

In Texas, "gross negligence is not a separate cause of action apart from negligence." *RLI Ins. Co. v. Union Pac. R. Co.*, 463 F. Supp. 2d 646, 649-50 (S.D. Tex. 2006) (citing *Prati v. New Prime, Inc.*, 949 S.W.2d 552, 557 (Tex. App.–Amarillo 1997, writ denied)). "Rather, the degree of negligence characterized as gross negligence is relevant only to a recovery of exemplary damages." *Id.* (citing *Riley v. Champion Int'l Corp.*, 973 F. Supp. 634, 641 (E.D. Tex. 1997)). "[A] plaintiff cannot recover exemplary damages," however, "until he or she proves an entitlement to actual damages." *Newman v. Tropical Visions, Inc.*, 891 S.W.2d 713, 721-22 (Tex. App.–San Antonio 1994, writ denied) (citing cases); *see also Riley*, 973 F. Supp. 634, 648 (E.D. Tex. 1997) ("Recovery of actual damages in tort is necessary to pursue a gross negligence claim."). In other words, a defendant "cannot be grossly negligent without being negligent." *Driskill*, 269 S.W.3d at 206. Accordingly, Plaintiff's gross negligence claim fails for the same reasons as his negligence claim.

Because there is no evidence of causation, Defendants are also entitled to summary judgment on the gross negligence claim.

## V. CONCLUSION

Defendants' motion for summary judgment is **GRANTED**. By separate judgment, Plaintiff's negligence, negligence per se, and gross negligence claims against Defendants will be **DISMISSED WITH PREJUDICE**.

**SO ORDERED** on this 13th day of November, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE